NO. 07-11-00359-CR; 07-11-00360-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 26, 2011

_____

CHARLES LEE HESS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 56,304-E, 57,241-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Charles Lee Hess filed notices of appeal on September 13, 2011, in an attempt to appeal his convictions for injury to an elderly individual and burglary of a habitation and the resulting sentences. Appellant was sentenced for both convictions in May 2009. He appealed the judgment in cause number 57,241-E, the injury to an elderly individual conviction, to this Court in June 2009. On July 15, 2009, we dismissed his appeal because the certification of appellant's right to appeal stated

appellant had waived the right of appeal.[1] *Hess v. State,* No. 07-09-0199-CR, 2009 Tex.App. LEXIS 5422 (Tex.App.—Amarillo July 15, 2009, no pet.) (order). By his September 2011 filings, appellant now seeks to appeal the judgments in cause number 57,241-E, and the burglary conviction, 56,304-E. We will dismiss his appeals.

Appellant's attempted appeal of cause number 57,241-E must be dismissed for at least two reasons. First, as noted, we previously considered and dismissed appellant's appeal of cause number 57,241-E, because the trial court certified appellant waived the right of appeal. Our mandate in that appeal was issued in October 2009. Appellant provides us no basis for our consideration of a second direct appeal of the same judgment. See Tex. R. App. P. 19 (plenary power of courts of appeals). Second, even if we were to consider a second appeal, we have no amended certification indicating appellant has the right of appeal, so this attempted appeal also would require dismissal for that reason. Tex. R. App. P. 25.2(d).

As to appellant's attempted appeal of the judgment in cause number 56,304-E, the rules of appellate procedure require notice of appeal to be filed within thirty days of the date sentence is announced in open court, or within ninety days of that date if a timely motion for new trial is filed. Tex. R. App. P. 26.2. Regardless whether the thirty-day or ninety-day deadline applied, appellant's notice of appeal is untimely because more than two years have expired since his May 2009 sentencing. If an appeal of a criminal conviction is not timely perfected, a court of appeals does not obtain jurisdiction

---

[1] By letter, we afforded appellant the opportunity to provide us with an amended certification indicating his right of appeal. No amended certification was filed. Tex. R. App. P. 25.2(d).

to address the merits of the appeal and can take no action other than to dismiss the appeal. *Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *Olivo v. State,* 918 S.W.2d 519. 522 (Tex.Crim.App. 1996).[2]

For those reasons, appellant's appeals in both cases are dismissed.

James T. Campbell
Justice

Do not publish.

---

[2] An out-of-time appeal may be requested by way of application for a post-conviction writ of habeas corpus addressed to the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07 (West 2011).